# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2012

No. 12-30039
Summary Calendar

Lyle W. Cayce
Clerk

MICHAEL HAMPTON,

Plaintiff-Appellant

v.

LOUISIANA STATE PAROLE BOARD; C.A. LOWE, JR., Parole Board
Chairman,

Defendants-Appellees

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-572

Before DAVIS, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Michael Hampton, Louisiana prisoner # 334976, filed a 42 U.S.C. § 1983
complaint against the Louisiana Parole Board (the Board) and Board Chairman
C.A. Lowe, Jr., alleging constitutional violations in connection with a revocation
of Hampton's parole and denial of a rehearing. The district court granted
summary judgment in favor of the defendants and dismissed the suit. The court
also denied Hampton leave to proceed in forma pauperis (IFP) on appeal,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

certifying that the appeal was not taken in good faith for the reasons set out in the magistrate judge's report and recommendation. Hampton now moves this court for leave to proceed IFP.

Hampton's motion constitutes a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation omitted). "When the prisoner opts to challenge the certification decision, the motion must be directed solely to the trial court's reasons for the certification decision." *Baugh*, 117 F.3d at 202.

Neither Hampton's IFP motion nor his supporting brief addresses in any meaningful way the district court's certification decision, the summary judgment ruling, or the merits of his claims. He makes only a conclusory assertion that he is appealing in good faith. Accordingly, Hampton has failed to address the district court's certification reasons and to show that his proposed appeal raises a nonfrivolous issue, as he is required to do. *See Baugh*, 117 F.3d at 202. Therefore, Hampton's IFP motion is DENIED and his appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.

This court's dismissal of Hampton's appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Hampton is CAUTIONED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).